# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEBRA STANISLAWSKI,**
        **Appellant,**

     v.                                                   Case No. 14-CV-00186

**MICHAEL P. MAXWELL,**
        **Appellee.**

## DECISION AND ORDER

Appellant Debra Stanislawski appeals from a bankruptcy court order in an adversary proceeding brought against her by appellee Michael Maxwell. Appellee seeks dismissal of the appeal because appellant has failed to pay the filing fee and has failed to comply with the briefing requirements set out in the Federal Rules of Bankruptcy Procedure.

The bankruptcy judge entered judgment in the adversary proceeding on January 8, 2014. On January 22, 2014, appellant filed a notice of appeal and simultaneously filed a motion for reconsideration on the ground that she had newly discovered evidence for the bankruptcy court judge to consider. The bankruptcy judge held a hearing on this motion on February 19, 2014. At the hearing, she described appellant's motion as a motion for a new trial under Federal Rule of Bankruptcy Procedure 9023, but she did not issue a ruling on the motion. It is still pending before the bankruptcy court.

Federal Rule of Bankruptcy Procedure 8002(a) states that "[a] notice of appeal filed after announcement or entry of the judgment, order or decree but before disposition of [a motion for a new trial under Rule 9023] is ineffective to appeal from the judgment, order or decree, or part thereof, specified in the notice of appeal, until the entry of the order

disposing of the last such motion outstanding." This rule makes appellant's notice of appeal ineffective until the bankruptcy judge enters an order disposing of her motion for reconsideration. And, because the notice of appeal is not yet effective, appellant is not required to pay the appellate filing fee, and the time periods for briefing the appeal under Federal Rules of Bankruptcy Procedure 8006 and 8009 have not begun to run. Therefore, I will deny the motion to dismiss for failure to comply with these rules.

I will also stay this case and hold it in abeyance until the bankruptcy court rules on appellant's motion for reconsideration. *See* Fed. R. Bank. P. 8002, adv. comm. notes (1994 Amendment: "A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the district court . . . ."). Once that court issues its decision, if appellant still wishes to pursue this appeal, she will need to immediately pay the appellate filing, which is $298.00. She will also have 14 days to "file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bank. P. 8006. At that time, I will also issue an order setting a schedule for the submission of the parties' appellate briefs pursuant to Rule 8009(a).

**THEREFORE, IT IS ORDERED** that appellee's motion to dismiss (Docket #3) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending receipt of the bankruptcy judge's ruling on appellant's motion for reconsideration.

Dated at Milwaukee, Wisconsin, this 5th day of May, 2014.

        s/ Lynn Adelman

        _____
        LYNN ADELMAN
        District Judge